*United States*, 973 F.2d 1548, 1550–51 (Fed. Cir. 1992) (quoting *Restatement (Second) of Contracts* § 241 cmt. A (1981)).  Making this determination "depends on the nature and effect of the violation in light of how the particular contract was viewed, bargained for, entered into, and performed by the parties."  *Id.* at 1551.

Although DynCorp's pleading is far from convincing, its failure to cite other "cases where a prior material breach of contract was found to be a defense to claims under the FCA" (Reply Mot. at 10), does not mean that the Court should strike this defense at this early stage.  Thus, the Court denies the government's motion to strike the prior breach of contract defense, but it grants the motion to strike the inequitable conduct or unclean hands defense.

## CONCLUSION

The government's motion to strike is granted in part and denied in part.  The motion is granted as to the fifth and sixth defenses, and granted in part as to the seventh and ninth defenses and it is denied as to laches if asserted as to prejudgment interest (seventh defense) and the breach of contract defense (ninth defense).

/s/    *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:    October 4, 2017

9